**In re Richard D. DONOHOO, Debtor.**

**Bankruptcy No. 99–7644–9P3.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 15, 1999.

Richard D. Donohoo, Edward R. Miller, Naples, FL, for debtor.

Terry E. Smith, Bradenton, FL, trustee.

### ORDER ON UNITED STATES OF AMERICA'S MOTION FOR SANCTIONS (DOC. NO. 32)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 13 case is the Motion for Sanctions filed by the United States of America (Government), on behalf of the Federal Deposit Insurance Corporation (FDIC). The Court reviewed the Motion and the record, heard argument of counsel and finds as follows:

On May 11, 1999, the Debtor filed his voluntary Petition for relief under Chapter 13 of the Bankruptcy Code. On May 12, 1999, the FDIC filed a Motion to Dismiss the Chapter 13 case. The basis for the Motion was that the FDIC held a noncontingent, liquidated, unsecured claim in the amount of $1,000,554 against the Debtor, making the Debtor ineligible for Chapter 13 relief under 11 U.S.C. § 109(e).

On August 19, 1999, this Court entered an Order finding the Debtor ineligible for Chapter 13 relief and dismissing the Chapter 13 case. The Order was amended to reserve jurisdiction to consider the Government's Motion for Sanctions. The Debtor appealed the August 19, 1999 Order to the United States District Court for the Middle District of Florida, however, has not sought a stay pending appeal.

The Government's Motion for Sanctions is based upon the Debtor's conduct during the short pendency of the case. Specifically, the Government contends that the Debtor refused to answer questions about the debt owed to the Government during the Section 341 Meeting of Creditors held in Fort Myers, Florida (341 Meeting). The Government contends that as a result, the Government unnecessarily incurred expenses in attending the 341 Meeting.

**538**

The Government seeks reimbursement of its expenses in the amount of $5,947.50. This amount was incurred by the Senior Regional Attorney of the Legal Division of the FDIC (Regional Attorney) who had attended the 341 Meeting. The Regional Attorney works out of the Regional Office in Kansas City, Missouri. He incurred the expense of airline tickets, mileage to the airport, car rental, hotel lodging, parking and per diem charges. He expended 22.5 hours, including travel time, at a billing rate of $228.28.

■■■ This Court is aware that Assistant United States Attorney, Patricia A. Willing, and not the Regional Attorney, filed the Motion to Dismiss and the Motion for Sanctions. Ms. Willing, whose office is located in Tampa, Florida, would have been perfectly competent to attend the 341 Meeting. It was unreasonable for the Government to incur the expense of having the Regional Attorney travel from Kansas City, Missouri to Fort Myers, Florida to attend the 341 Meeting. Although this Court is satisfied that it is appropriate to award sanctions, the costs incurred by the Government are unreasonable. A reasonable award is $1,141.40. This amount, representing five hours at the rate of $228.28, is the time that would have been expended had the Government utilized its local attorneys.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions be, and the same is hereby granted. Sanctions are hereby awarded in the amount of $1,141.40, representing the reasonable fees incurred for attendance at the 341 Meeting. The Debtor is directed to pay the amount of $1,141.40 to Patricia A. Willing, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602, within ten (10) days from the date of the entry of this Order.