**In re Amin HASAN and Mateen Hasan, Debtors.**

**Nos. 02–51367, 00–51236.**

United States Bankruptcy Court, D. Connecticut.

Dec. 31, 2002.

David L. Gussak, Keith Fuller, Reiner, Reiner & Bendett, Farmington, CT, for Bank of America.

Molly T. Whiton, Hartford, CT, Chapter 13 Trustee.

Amin and Mateen Hasan, Bethel, CT, Pro se.

## ORDER DISMISSING CASE WITH PREJUDICE AND IMPOSING SANCTIONS AGAINST THE DEBTORS FOR CAUSE SHOWN

ALAN H.W. SHIFF, Chief Judge.

On October 5, 2000, Amin and Mateen Hasan ("debtors") filed their second of three chapter 13 cases, *i.e.*, case no. 00–51236 (the "second case").[1] On October 20, 2000, they filed a plan which disclosed a $15,862.92 mortgage arrearage owed to Bank of America ("bank"). On November 16, 2000, the debtors filed a proof of claim on behalf of the bank, asserting that it was

---

1. The debtors' first chapter 13 case, 96–51389, was filed on August 20, 1996. Their attorney in that case withdrew on November 25, 1997. It remained open until December 9, 1999.

the holder of a secured claim in the amount of $15,862.92. *See* Rule 3004, F.R.Bankr.P. On that date, their plan was confirmed. On December 8, 2000, the bank filed a proof of a secured claim in the amount of $54,037.88 which superseded the debtors' proof of claim. *See id.*, Rule 3002(c), F.R.Bankr.P., and claim no. 7.

On April 23, 2001, the bank filed a motion for relief from the automatic stay, so that it could continue a foreclosure action in the state court. That motion was denied for the reason that the bank was bound by the debtors' confirmed plan. *See* 11 U.S.C. § 1327(a). On appeal, the district court vacated the confirmation order because the bank had not been "placed on *unambiguous notice* prior to the confirmation hearing that its claim would be significantly diminished." The case was remanded for further proceedings. *Bank of America v. Hasan,* slip op. at 6–7, case no. 3:01cv1071 (D.Conn. February 1, 2002) (Covello, C.J.) (emphasis in original), *appeal dismissed,* case no. 02–5022 (2nd Cir. May 23, 2002).

On April 18, 2002, this court conducted a hearing in response to the district court's remand order for the purpose of scheduling a trial on the debtors' objection to the bank's claim.[2] The debtors filed an appeal from the scheduling order that entered on that date. The appeal inaccurately stated that the scheduling order had effectively ruled on their objection to the bank's claim, in a footnote which referred to that claim as secured.

On September 11, 2002, the court conducted a second hearing for the purpose of scheduling a trial in response to the district court's remand order. The debtors objected, contending that this court was without jurisdiction to consider their objection to the bank's claim because of their

"pending" appeal from the first scheduling order. *See* case no. 02 CV 1012 (D.Conn.) (Egington, J.). However, a review of the district court record demonstrated that the debtors neither sought nor obtained permission to file an interlocutory appeal. Accordingly, this court concluded that the appeal was not viable. *See September 11, 2002 hearing record* at 11:51. Indeed, the appeal was dismissed on November 12, 2002.

Thereafter, the court inquired as to whether the parties were ready to proceed. The bank stated that it was. The debtors stated that they would never be ready. The court directed the bank to file a proposed pretrial order on the debtors' objection to its claim. *See September 11, 2002 hearing record* at 11:59, 12:23, and *trial transcript at* 8. The court entered a pretrial order on October 7, which, *inter alia,* required each side to exchange a list of witnesses and exhibits by October 28 and scheduled an October 30 trial.

On the morning of the trial, the debtors filed a recusal motion, which was denied as untimely. *See U.S. v. Durrani,* 835 F.2d 410, 427 (2nd Cir.1987) ("charges of impropriety or bias are serious … Nevertheless, motions to disqualify must be timely … to safeguard both the judiciary from frivolous attacks upon its dignity and the court system from last-minute dilatory tactics."); *In re United States of America,* 666 F.2d 690, 695 (1st Cir.1981) ("the potential waste of judicial resources alone requires that a motion for disqualification be timely filed."). *See also trial transcript* at 9–10.

The court further rejected the debtors' argument that their objection to the bank's claim should be considered in the context of an adversary proceeding, noting that

---

**2.** It is noted that the debtors challenged the bank's claim in its entirety, notwithstanding

their earlier assertions that the claim was secured. *See supra* at 308–09.

even if there were a legitimate basis for that argument, any procedural error would be harmless since all relevant parties had been served with adequate notice of the trial.[3] *See In re Felker,* 181 B.R. 1017, 1019 (Bankr.M.D.Ga.1995) and *trial transcript* at 17–18.

At the start of the trial it became apparent that the debtors had not complied with the pretrial order. Consequently, the court ruled that they were precluded from offering evidence in support of their objection at the trial. *See, e.g., In re Gergely,* 110 F.3d 1448, 1452 (9th Cir.1997) (a bankruptcy court may appropriately exclude evidence for failure to comply with a pretrial order). As explained on the record, *see trial transcript* at 20–28, attached in Appendix A, a further consequence of their noncompliance was that the evidentiary burden had not shifted, and the presumptive validity of the bank's proof of claim was conclusive. *See Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.),* 253 B.R. 40, 44 (8th Cir. BAP 2000) ("if an objection [to a proof of claim] is filed, the objecting party must then produce evidence rebutting the proof of interest or it will be allowed. If, however, evidence rebutting the proof of interest is brought forth, then the claimant must produce additional evidence to prove the validity of the claimed interest by a preponderance of the evidence.") (citations and internal quotation marks omitted); *In re Global Western Development Corp.,* 759 F.2d 724, 727 (9th Cir.1985) ("a properly executed proof of claim is sufficient to shift the burden of producing evidence and to entitle the claimant to a share in the distribution of the bankruptcy estate, unless the objector comes forward with evidence contradicting the claim.") (internal quotation marks omitted). *See also In re Central Rubber Products, Inc.,* 31 B.R. 865, 867 (Bankr. D.Conn.1983) and *In re Hutter,* 207 B.R. 981, 989 (Bankr.D.Conn.1997), *appeal dismissed,* case no. 3:97cv01049 (D.Conn. December 31, 1998) (Squatrito, J.).

On November 1, 2002, before the court had an opportunity to memorialize that bench ruling in a written decision, the debtors filed a motion to dismiss their second case, *see* § 1307(b), and simultaneously filed this third chapter 13 case, in violation of § 109(g)(2), which provides that:

> Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title;

On November 7, 2002, the court entered an order to show cause why to show why the instant case should not be dismissed with or without prejudice pursuant to §§ 105(a)[4] and 109(g)(2) and why sanctions should not be imposed against them pursuant to Rule 9011(b),

---

3. It was also noted that the debtors had previously filed an adversary complaint, 02–5034, to prosecute their objection the bank's claim. That complaint was dismissed on September 26, 2002 as redundant to the issue raised in the instant objection to the bank's claim, because the court did not need two documents to consider a single issue. *Trial transcript* at 15.

4. 11 U.S.C. § 105(a) grants this court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including the power to sanction those who are found to have commenced a case for an improper purpose or have otherwise frustrated the bankruptcy process.

F.R.Bankr.P. and § 105(a), for having filed this case in violation of § 109(g)(2) and/or in bad faith, and for having filed papers and motions in case no. 00–51236, including their October 30, 2002 motion to recuse, for the improper purpose of causing delay and/or frustrating the bankruptcy process.

Pursuant to the order to show cause, the bank and the debtors filed position papers and appeared at the November 21, 2002 hearing. The debtors conceded that they had violated § 109(g)(2) in dismissing their case and filing a new petition but asserted that the violation was an "honest error" on their part. *See November 21, 2002 hearing record* at 3:01. They further sought to withdraw their dismissal and thereby reinstate the previous case. *Id.* at 2:55, 3:02.

## DISCUSSION

 Although the debtors filed a motion to dismiss their second case, all they needed to do was file a request, as to which, "the court shall dismiss" the case. *See* § 1307(b). Thus, subject to exceptions not applicable here, a debtor has an absolute right to dismiss a chapter 13 case. *See also Barbieri v. RAJ Acquisition Corp. (In re Barbieri),* 199 F.3d 616 (2nd Cir.1999). Notwithstanding its dismissal, however, the second case has not been closed, *see* Rule 5009, F.R.Bankr.P.,[5] and the court retains jurisdiction to impose sanctions for offensive conduct during the case. *See In re Donohoo,* 243 B.R. 536, 537 (Bankr.M.D.Fla.1999) (Paskay, J.) (chapter 13 dismissal order amended to reserve jurisdiction to consider motion for sanctions); *In re French Bourekas, Inc.,* 183 B.R. 695, 696 (Bankr.S.D.N.Y.1995) (dismissal of Chapter 11 case does not divest bankruptcy court of jurisdiction over core proceeding to determine sanc-

tions), *aff'd,* 195 B.R. 19 (S.D.N.Y.1996). *See also Aheong v. Mellon Mortgage Co. (In re Aheong),* 276 B.R. 233, 239 (9th Cir. BAP 2002) (even after dismissal of a case the bankruptcy court retains ancillary jurisdiction to interpret and effectuate its orders.).

To hold otherwise would permit a litigant to frustrate a court's ability to issue a written decision on a matter decided on the record in court. The debtors' dismissal of the second case and simultaneous commencement of the third case was a thinly veiled attempt to avoid the obvious consequence of the trial and nullify the appeal process. *See Chapman v. Charles Schwab & Co. (In re Chapman),* 265 B.R. 796, 824 (Bankr.N.D.Ill.2001) (after chapter 13 debtor voluntarily dismissed his case pending a forthcoming unfavorable summary judgment ruling in an adversary proceeding, the court exercised its discretion to retain supplemental jurisdiction to complete the litigation), *aff'd, Chapman v. Charles Schwab & Co.,* 2002 WL 818300 (N.D.Ill.2002). *See also In re McKissie,* 103 B.R. 189, 191 (Bankr.N.D.Ill.1989) (discussing strategic use of serial chapter 13 filings) and *In re Dyke,* 58 B.R. 714, 716 n. 1 (Bankr.N.D.Ill.1986) (same; allegedly inadvertent second filing dismissed as bad faith).

For the foregoing reasons,

IT IS ORDERED THAT the third case, *i.e.,* case no. 02–51367, is DISMISSED with prejudice; and

 IT IS FURTHER ORDERED THAT pursuant to Rule 11, F.R.Civ.P., made applicable here by Rule 9011, F.R.Bankr.P., and 11 U.S.C. § 105(a), the debtors are SANCTIONED and shall, not later than February 28, 2003, pay the bank

---

5. Even if the second case had been closed, it could be reopened for purposes of issuing and implementing this order. *See* Rule 5010, F.R.Bankr.P. and § 105(a).

$6,589.50, which, on review of its statement of its attorney fees and costs, is the amount deemed reasonable,[6] and

IT IS FURTHER ORDERED THAT since this debt arises as an abuse of the bankruptcy process, it is intended to be nondischargeable in any reopened case or future bankruptcy case the debtors may commence.[7]

---

6. The bank sought $15,723.63 in legal fees and expenses for the debtors' alleged conduct. *See* Appendix B. The court has examined the bank's itemized costs and eliminated only those that preceded the petition date of October 5, 2000, or were not justified because the burden had not shifted. Thus, fees dated October 28, and 29, 2002, and the witness' travel expenses, are denied for services rendered in connection with the October 30, 2002 trial.

7. A debt incurred by vexatious litigation or abuse of process may present a cause of action under § 523(a)(6) either as punitive tort damages or as a sanction. *See, e.g., In re Amaranto*, 252 B.R. 595, 600 (Bankr.D.Conn. 2000), *appeal dismissed*, 142 F.Supp.2d 1029 (D.Conn.2001); *In re Abbo*, 192 B.R. 891, 898 (Bankr.N.D.Ohio 1996); *In re Zelis*, 66 F.3d 205, 208 (9th Cir.1995) (sanctionable conduct required the plaintiffs to incur unnecessary litigation costs and attorney's fees; sanction award was nondischargeable under § 523(a)(6)). *See also* § 105(a). It is noted that this case does not raise the concerns of involuntary servitude addressed in *In re Flor*, 166 B.R. 512 (Bankr.D.Conn.1994), since there is no chapter 13 plan.

## APPENDIX A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In Re *
 * Case No. 00-51236
 AMIN HASAN and *
 MATEEN HASAN, *
 *
 Debtors. * Bridgeport, Connecticut
 * October 30, 2002
 *
* * * * * * * * * * * * *

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE ALAN H.W. SHIFF
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Bank of America: Reiner, Reiner & Bendett
 BY: KEITH FULLER, ESQ.
 DAVID L. GUSSAK, ESQ.
 160 Farmington Avenue
 Farmington, CT 06032

Pro Se: MS. MATEEN HASAN
 160 Steuben Street
 Bridgeport, CT 06608

Chapter 13 Trustee: MOLLY T. WHITON, ESQ.
 10 Columbus Boulevard
 6th Floor
 Hartford, CT 06106

Court Recorder: MS. DARLENE BYRD

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

Christine Fiore
Fiore Transcription Service
67 Elaine Drive
Shelton, Connecticut 06484 (203)929-9992

THE COURT: Ma'am, sit down. I'll let MS. HASAN: Okay.
you talk as soon as I finish talking.

THE COURT: Then you can talk as much as I think is necessary.

MS. HASAN: Um-hm.

THE COURT: In September, I said we're going to have a hearing. I said we're going to have a pretrial order that is going to inform that hearing. I said, "Do you need more time?"

You said, "No, I don't need more time."

Then I invited you to look at the record.

MS. HASAN: Um-hm.

THE COURT: I said, "All right. Then we're going to have it, and the date is going to be October 30th. And, Mr. Fuller, I direct you to file a proposed pretrial order which will outline the times for getting discovery, for listing witnesses and exhibits, etcetera."

Mr. Fuller complied with my order. You objected to him even being able to file a proposed order for the pretrial—a proposed pretrial order going into that.

So, the matter that I've got before me now is the very hearing, apparently, you want to have. Well, I'm going to have it, and I'm going to have it today.

Even if the matter should have technically been done by an adversary proceeding under Rule 2001, Subpart 2, there is no harmful error here. All that you would have been entitled to was notice of the hearing and an opportunity to respond.

You have had the notice of this hearing for about six weeks. You have had an opportunity to participate in the pretrial order; you declined to participate in the pretrial order. You knew full well that it was going to go on today, and it is going to go on today.

Even if technically there should have been a different kind of piece of paper which would have alerted you to the trial today, it's harmless error.

The procedural defect did not and cannot jeopardize the finality of this proceeding. It is necessary that we finish this proceeding. This is a year 2000 Chapter 13 case. Chapter 13 is intended to be a quick resolution of the debtor/creditor relationship.

The failure of any party to raise an issue either at the hearing or subsequent at the Court's invitation to brief issues evidences a waiver by the parties. And I believe that there is a waiver here.

Even if there isn't a waiver here and even if it should have been an adversary proceeding, I'm satisfied that the rights of the parties have been adequately presented so that no prejudice will arise by the fact that the piece of paper doesn't say adversary proceeding on it. That is my ruling, and we're going to go ahead with this hearing.

I'm making reference to a 1995 decision in the Middle District of Georgia. The case is *In re Tommy M. Felker*, and it is cited at 181 BR 1017.

There is ample authority to support the proposition that technical errors, if they do not adversely impact on the parties' substantive rights, may well be harmless errors. And this is a harmless error, if it is an error at all.

I am going to go ahead with this. I said I was going to go ahead with this. I said there were going to be no excuses. We're going to go ahead. I said that in September, and we're going to go ahead.

Now, in the conduct of this trial, as I mentioned back in September, the burden of proof is on the Bank of America. But there is a procedure that needs to be filed.

A duly filed proof of claim under Section 501—the debtors refer from time to time

to Section 506, but that isn't the applicable section. We're relating here to Section 501. A proof of claim under that section is deemed allowed unless a party in interest objects.

The chronology in this case is somewhat convoluted. The debtor filed a plan—the debtor filed this case, or commenced this case on October 5, 2000.

On October 10th, the clerk's office sent a notice of the 341. That's the Section 341 meeting, and the same notice stated when the confirmation hearing was going to be held. That is the standard procedure.

That same piece of paper stated that a proof of claim bar date was February 14, 2001. On October 20th, the debtor filed and served on all creditors, including the Bank of America, a plan. The confirmation hearing stated in the October 10th notice stated that the hearing would be on November 16th.

I note that the confirmation hearing date was before the end of the opportunity of creditors, including Bank of America, to file a proof of claim.

The reason for that is the change in the rules which extended the 341 dates in Chapter 13 cases so that the plan confirmation date and the 341 date would be on the same date, which was intended by the drafters to make it easier on debtors, so that they didn't have to leave work and come to court twice. They could leave work and come to court only once; and that would be the 341 in the morning and the confirmation hearing in the afternoon.

It is a procedure that is followed in very many of the judicial districts. Some districts have not.

If the debtor does not file a proof of claim—if the creditor does not file a proof of claim, then a debtor is given the author-ity under the rules to file a proof of claim in the name of the debtors and that's what these debtors did.

On October 20, they filed their plan, which included Bank of America. The debtors stated in their plan, as I mentioned earlier, that $15,861.92 is the amount of the debt due to secured creditor, Bank of America.

On November 16th, as noticed, there was a meeting of creditors under section 341. On the same date, there was a confirmation hearing. And on that date, the debtors filed a proof of claim on behalf of the creditor Bank of America in the amount of $15,861.92. That is claim no. 16.

So, that went into—that conforms to the plan which was dated October 20th. And under the rules, the Bank of America could amend that proof of claim, which the Bank of America did by proof no. 7, which they filed on December 8 of the year 2000.

But before that was done and in the absence of an objection by the Bank of America, which did not attend the confirmation hearing, the Court confirmed the plan, which included a $15,861.92 secured claim. The Bank of America objected and filed—that is, the Bank of America filed an appeal, and the district court agreed.

The chief justice of the Court agreed that there was a procedural defect and addressed only the Bank of America's claim—the rest of the plan was left alone and not objected to—and remanded the matter back here so that this Court could conduct the hearing scheduled for today.

The procedure for this hearing is as follows:

"A duly filed proof of claim under 501," which was filed and then refiled as I've just described, "is deemed allowed unless a party in interest objects, since a proof of claim establishes a prima facie case, as to the amount and validity of

the claim, see Bankruptcy Rule 3001F. A debtor objecting to that proof of claim carries the burden of going forward with evidence in rebuttal."

Reference is made to *In re Central Rubber Products, Inc.*, 31 BR 865 at 867. It is a decision of this court in 1983.

"The ultimate burden of proof, however, rests upon the claimant, and the threshold is by a fair preponderance of the evidence. The objecting party may not rebut the prima facie case by merely stating that the amount of the claim is not correct. The evidence must have probative force at least equal to that of a proof of claim."

And reference is made to *Kahn v. Juniper Development Group*, that's *In re Hemingway Transport*, 993 F.2d at 915 and 925. That's a decision of the First Circuit Court of Appeals in 1993, which was as to which cert was denied by the United States Supreme Court at 510 US 914, 114 S.Ct. 303 in 1993.

So, before the burden of proof shifts back to the creditor, Bank of America, these debtors must present evidence. A debtor may not prevail against a proof of claim simply by filing an objection and then offering no evidence.

And we are at that stage of the proceedings, so we will start the trial. And the Hasans may call their first witness unless there is an objection.

MR. GUSSAK: There is an objection, Your Honor. Because under the pretrial order, it was required by Your Honor's clearly defined order, under subsection 3A, a list of witnesses with a statement of testimony must be required and delivered to chambers and exchanged with counsel not later than ten days after the completion of discovery.

The discovery order aspect of the pretrial order was discovery completed and closed by 18 October, 2002. Therefore, as of the 28th, which is two days ago, these movants were the debtors who were required to have complied with that aspect of the order.

And the order under 3B says:

"No witness may testify and no exhibits shall be admitted into evidence unless there has been compliance with this paragraph."

I am unaware of any compliance. They may have delivered to chambers. We did not get an exchange copy. We delivered our list to chambers, as the Court is probably aware of.

I have a time-stamped copy from last Thursday. And we delivered a list of exhibits. I have a list of exhibits to deposit with the Court pursuant to this order.

So, I submit that under the pretrial order, Your Honor's pretrial order, they have not complied. Therefore, they cannot testify. Therefore, they can offer no evidence.

THE COURT: What you're saying is if they can't offer any evidence, then under the authority of the—

MR. GUSSAK: The pretrial order.

THE COURT: —under the authority of the *Central Rubber* case, there is nothing left to do.

MR. GUSSAK: We would so conclude, Your Honor. But we're relying respectfully on the Court's pretrial order, which creates, and propounds, and orders an orderly sequence of events for a proceeding of this nature.

THE COURT: Ms. Whiton, what do you say?

MS. WHITON: I'm not going to make any comments at this point of the trial, Your Honor.

THE COURT: All right. Mr. or Mrs. Hasan?

MR. HASAN: The counsel is correct. We did not submit to the Court any list of witnesses or anything of that nature. So, with that understanding, we'll let counsel present his evidence.

Since you presented everything to the Court, you go forward with your evidence. And—

THE COURT: Mr. Hasan, you should direct your attention and your remarks to the Court.

MR. HASAN: Oh, Your Honor. I'm sorry. I should direct my comments to the Court.

I respectfully acknowledge that counsel is correct in that regard. And if—and I'm not going to have anything to say about that matter as far as—nothing further than what counsel himself said.

THE COURT: All right.

I believe and my research suggests to me that the *Central Rubber Products* case is good law. The issue here is whether or not that there is anything for Bank of America to do.

A debtor objecting to a proof of claim carries a burden of going forward with evidence in rebuttal. If such evidence in rebuttal is offered, then the ultimate burden of proof shifts to the party seeking to support its claim.

But in the first instance, before the burden shifts back to the creditor, the debtor must present evidence. In this instance, the debtor can't offer any evidence because the debtor declined to comply with this Court's pretrial order.

MS. HASAN: May I speak, Your Honor?

THE COURT: Yes, ma'am.

MS. HASAN: The pretrial order asked for discovery. We had no new discovery that wasn't in the records already. Exhibit 1, a copy of the rundown, which said that—shows that Bank of America does not have a chain of mortgage on—with the City of Bridgeport Land Records—was the only document that we filed at least ten times in the court.

So, we have no more evidence than the—than Connecticut Rule 47, which says a creditor with a lien has to be recorded with the City of Bridgeport Land Records. And we put it in almost every document we filed with the Court. But that's all we have to stand with.

And I agree with my husband that it is redundant to keep filing the same document over and over again.

THE COURT: No, it is not, ma'am, redundant if I order it.

MS. HASAN: Oh, I understand, sir.

THE COURT: And I did order it. On October 3, 2001, I entered an order that directed both of you to comply with the paragraphs of the order.

The first paragraph is the one you referred to. And that paragraph said:

"Unless otherwise ordered, all discovery shall be completed and closed by the 18th day of October, 2002."

The second paragraph of the order relates to trial memoranda.

The third paragraph of the order says that:

"A list of witnesses with a short statement of the testimony of each and a list of exhibits shall be exchanged and filed with two copies delivered to chambers no later than ten days before discovery."

It goes on after that. Paragraph 3B says:

"No witness may testify and no exhibits shall be admitted into evidence unless

there has been compliance with this paragraph."

So, Mr. Gussak calls to my attention that he obeyed this order, and that no papers were filed, and that has been confirmed by Mr. Hasan. So, there is no list of witnesses, and there are no exhibits. You cannot offer into evidence exhibits that aren't on the list of exhibits.

MS. HASAN: May I speak, Your Honor?

THE COURT: Certainly.

MS. HASAN: On the pretrial order, it requested all discovery be in by a certain date.

THE COURT: Yes.

MS. HASAN: Discovery, under my understanding, was from requests for admissions and requests for interrogatories or requests for documents from Bank of America. We had no discovery that we wanted to obtain from Bank of America.

THE COURT: Right. And nobody is suggesting from the other side that you do, and certainly I'm not. That is absolutely what no. 1 means, paragraph no. 1. But there are other paragraphs in this order, that order entered on October 3, or signed on October 3.

The purpose of a pretrial order is clear enough. Each side should know what the other side is going to offer so that each side can prepare.

Whether or not you have filed papers in the past is irrelevant to what is going to happen at the time of a trial.

It is frequently the case that documents are filed one way or another with pleadings, or complaints, or other papers that have matters which might be admissible in evidence, but nothing comes into evidence if it doesn't satisfy the requirements of a pretrial order.

There is a pretrial order here, and there is no list of witnesses, and there is no list of exhibits. So, you can't offer any witnesses, and you can't offer any exhibits. This file is volumes thick. This trial is going to be defined by the pretrial order.

It seems to me, then, that the burden doesn't shift because the initial burden hasn't been satisfied.

MR. GUSSAK: I would concur, Your Honor.

THE COURT: What is it that you want me to do, then, if anything?

MR. GUSSAK: Under the circumstances, I think the law which says what is the status of a properly filed proof of claim, which the Court has in its file, no. 7, should be recognized, that the objection denied, and the claim allowed in its entirety.

And then, to complete the remand order, we will have to revisit—I assume, once the, shall we say, the status and dignity of the Bank of America claim having been established, the Court will have to revisit pursuant to the remand order the motion to dismiss and the motion for relief from stay. I believe that's part of the remand.

THE COURT: Well, I'm not going to get into that. What I've got now is an order that I conduct an evidentiary hearing. There was a pretrial order that defined that hearing. And as I have done in the past, if a witness is not on a witness list, a party may not call that witness.

If a witness is on the other party's witness list, I don't let the first party call that witness either. Everybody has a right to know what everybody else is going to do.

There will be no evidentiary hearing, because the initial case was not satisfied. The initial burden was not satisfied, under the case law in this district and my pretrial order.

I will take the papers, and you will be advised.

MR. GUSSAK: Thank you, Your Honor.

MR. FULLER: Thank you, Your Honor.

THE COURT: Court is adjourned.

(Court was adjourned at 12:33 p.m.)

## APPENDIX B

**Transactions Listing**

Search for: 2180BK–19993558 Search by: Matter ID Stage: WIP Type: (all)

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 6/20/2002 | RSM | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Conference with Attorney Fuller | T | 0.50 | 125.00 | 62.50 |
| 7/23/2002 | RSM | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Conference with Attorney Gussak re: appeals | T | 0.50 | 275.00 | 137.50 |
| 10/24/2002 | DLG | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Pretrial memo preparation | T | 4.00 | 250.00 | 1,000.00 |
| 10/25/2002 | DLG | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN File review; filed pretrial memo; review of exhibits | T | 4.00 | 250.00 | 1,000.00 |
| 10/28/2002 | DLG | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Pretrial preparation; created evidence books; research on evidence | T | 5.20 | 250.00 | 1,300.00 |
| 10/29/2002 | DLG | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Pretrial preparation; conference with Donna Moffit of BOA; review of testimony | T | 5.50 | 250.00 | 1,375.00 |
| 10/30/2002 | DLG | 2180BK–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Court appearance and hearing in Bridgeport Bankruptcy Court; post trial meeting with client | T | 6.20 | 250.00 | 1,550.00 |
| | | Grand Total | | 25.90 | | 6,425.00 |

**Transactions Listing**

Search for: 2180FC–19993558 Search by: Matter ID Stage: (all) Type: (all)

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 2/17/2000 | JRS | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Motion to strike counterclaim | T | 8.00 | 60.00 | 480.00 |
| 3/27/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Prepare to attend and attend hearing on motion to strike and related motions | T | 1.00 | 125.00 | 125.00 |
| 2/23/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Revise motion to strike and file. | T | 3.50 | 125.00 | 437.50 |
| 2/25/2000 | DFB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Special hearing and status conference with special master | T | 1.50 | 125.00 | 187.50 |
| 3/20/2000 | DFB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Prepare to attend and attend hearing on motion to strike and motion re discovery responses. | T | 1.00 | 125.00 | 125.00 |
| 3/8/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Objection to motion to strike | T | 3.00 | 125.00 | 375.00 |
| 3/10/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Prepare and propound answers to new discovery request (second set of requests) | T | 3.00 | 125.00 | 375.00 |
| 11/20/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN In connection with foreclosure action; stage bill— contested matter | T | 1.00 | 1,275.00 | 1,275.00 |
| 12/9/1999 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Requested $1,500.00 in additional attorney fees for counterclaim, motion to strike etc | T | 1.00 | 0.00 | 0.00 |

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 3/21/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Requested $2,250.00 in additional attorney fees for motions, notices and court filings of the defendant's | T | 1.00 | 0.00 | 0.00 |
| 10/5/2000 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN In connection with foreclosure action, bankruptcy filed 10/5/00 | T | 1.00 | 0.00 | 0.00 |
| 10/9/2000 | | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN L.M. Sepso Appraisal Associates, Inc.—appraisal fee—previous appraisal stale | APPR | 1.00 | 300.00 | 300.00 |
| 10/9/2002 | RSM | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Conference re: upcoming trial | T | 1.50 | 125.00 | 187.50 |
| 10/7/2002 | RSM | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Conference with Attorney Gussak and Attorney Basil | T | 0.60 | 125.00 | 75.00 |
| 9/30/2002 | RSM | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Telephone conference with Judge Edginton's clerk; conference with Attorney Gussak; review pacer | T | 0.50 | 125.00 | 62.50 |
| 8/15/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Hearing on motion to preclude | T | 2.50 | 125.00 | 312.50 |
| 8/23/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Filing of objection to debtor's pleading | T | 0.70 | 125.00 | 87.50 |
| 9/3/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Objection to motion for compliance | T | 0.70 | 125.00 | 87.50 |
| 9/6/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Objection to motions of debtor # 115–1 | T | 1.00 | 125.00 | 125.00 |

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 9/9/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Drafted and file proposed order | T | 1.20 | 125.00 | 150.00 |
| 9/9/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Filed objection to proposed orders | T | 0.80 | 125.00 | 100.00 |
| 9/11/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Attendance at pretrial; report re: orders | T | 4.50 | 125.00 | 562.50 |
| 9/16/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Pretrial order drafted and reviewed | T | 2.00 | 125.00 | 250.00 |
| 9/23/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Review of Hasan filings re: possible objection | T | 1.00 | 125.00 | 125.00 |
| 10/2/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Review of court file re: possible objections and/or hearing | T | 1.20 | 125.00 | 150.00 |
| 10/4/2002 | DLG | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Drafting of pretrial memo | T | 1.50 | 125.00 | 187.50 |
| 10/17/2002 | | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Gap search | TIUP | 1.00 | 75.00 | 75.00 |
| 10/17/2002 | | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Statutory Certified Copies | CCTH | 1.00 | 16.00 | 16.00 |
| 10/23/2002 | RSM | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Pretrial conference with Attorney Gussak and Attorney Fuller | T | 1.80 | 125.00 | 225.00 |
| 12/23/1999 | KKF | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Objection to motion to default; disclosure of defense; draft | T | 3.00 | 125.00 | 375.00 |
| 1/13/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) | T | 2.00 | 125.00 | 250.00 |

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|---------------------------------------------------|---------------------|-------|-------|-------|
| | | HASAN, AMIN/MATEEN Prepare responses to discovery; draft and filed objection to request to revise; draft and file request for status conference | | | | |
| 1/26/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Respond to request for admission and production; review file sent by client | T | 3.00 | 125.00 | 375.00 |
| 2/3/2000 | KAP | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Draft two objection to defendant's two most recent filings; request for court's advise | T | 2.50 | 125.00 | 312.50 |
| 10/15/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN CERTIFIED COPIES FROM TOWN HALL Connecticut Title Services, | CCTH | 1.00 | 27.00 | 27.00 |
| 10/15/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Title Search Connecticut Title Services | TS | 1.00 | 150.00 | 150.00 |
| 11/3/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN FILING FEE–COMPLAINT Clerk of the Superior Court | FFC | 1.00 | 185.00 | 185.00 |
| 11/9/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Appraisal Fee STATEWIDE APPRAISAL SERVICE | APPR | 1.00 | 450.00 | 450.00 |
| 11/13/1999 | ALB | 2180FC–19993558/Bank of America (Louisville) HASAN, AMIN/MATEEN Sheriff fees SHERIFF RONALD Z. KADAR | SF | 1.00 | 150.20 | 150.20 |
| | | | Grand Total | 65.00 | | 8,733.20 |

UNITED STATES
BANKRUPTCY COURT
District of Connecticut
Bridgeport Division

\# 00537372 - MJ
October 24, 2002

```
Code Case # Qty Amount

CERTIFIC 02-51236 6 @ 7.00 .
 56.00 CR
 Debtor - AMIN HASAN
ELECTRON 02-51236 50 @ 0.10
 5.00 CR
 Debtor - AMIN HASAN

TOTAL-> 61.00
```

FROM: OVER THE COUNTER

**Bank of America.**

# Facsimile Cover Sheet

**To:** David Gussack
**Company:**
**Fax:** 860-677-4549

**From:** Donna Moffitt
**Company:** Bank of America Mortgage

**Phone:** 502-566-5611
**Fax:** 502-566-5619

**Address:** *Overnight mail only:*
101 E. Main, Suite 400
Louisville, KY 40202

David

Expenses associated with travel for October 30, 2002 trial. Please include as appropriate

Thanks
Donna

*4 pages total*

326

---

## Travel & Expense Account
## Summary & Detail

TEA600793158

---

## Travel & Expense Account
## Transmittal Sheet

---

### MAIL RECEIPTS TO

| | |
|---|---|
| Bank of America-Accts. Payable | |
| Employee Expense - NC1-021-05-12 | |
| 401 North Tryon St. | |
| Charlotte, NC. 28255 | |
| | |
| Internal Mail: | |
| Employee Expense - NC1-021-05-12 | |

| | |
|---|---|
| Employee Name | Donna L Moffitt |
| Social Security Number | |
| Expense Dates | 10/29/02-10/30/02 |
| Total Expense | 504.03 |
| Amount due Associate | 7.65 |
| Form ID | TEA600793158 |
| Manager Name | Scott Manning |

### DIRECTIONS FOR SUBMISSION

1. *Tape the following receipts, and other appropriate documentation to an 8 1/2 x 11 white paper and staple in the upper left hand corner of this Transmittal Sheet:*

| | Date | Expense Item | Amount | If not submitted - Explain |
|---|---|---|---|---|
| 1) | 10/29 | Air Fare | 284.50 | |
| 2) | 10/29 | Lodging | 138.88 | |
| 3) | 10/30 | Air Fare | 45.00 | |

*\* \* \* Do NOT attach receipts which are not listed above \* \* \**

2. *Do NOT attach unused (partially or wholly) airline tickets. Unused tickets are to be returned to Corporate Travel Services.*

3. *Place this transmittal and receipts in an envelope and send to address listed above.*

## Travel & Expense Account
## Summary

Employee Name: Denise L Morris
Social Security Number: ~~~~
Trip Dates: 10/29/02-10/30/02
Report Name: Houston Trial
Purpose: Court appearance
Company Code/Cost Center: ~~~~
Manager Name: Scott Manning

Report Total $ 504.03
Adjustments - 0.00
Total Reimbursable = 504.03
Credit Card Payments - 496.38
Due Associate = 7.65

NOTE: (c)=Corporate Card Charge

| DATE | Tue Oct 29 | Wed Oct 30 | | | | | | | | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Air Fare | (c) 284.50 | (c) 43.00 | | | | | | | | | 327.50 |
| Lodging | (c) 130.88 | | | | | | | | | | 130.88 |
| Room & Tax | 130.88 | | | | | | | | | | |
| Miscellaneous Travel | (c) 30.00 | | | | | | | | | | 30.00 |
| Associate Meals | 7.65 | | | | | | | | | | 7.65 |

---

**Travel & Expense Account
Summary & Detail**

---

NOTE: Itemized Air and Lodging expenses are included.

| Date | Expense Item | Amount | Payment Type |
|------|--------------|--------|--------------|
| 10/28/02 | Air Fare | 724.30 | Corporate Credit Card |
| 10/29/02 | Lodging | 138.88 | Corporate Credit Card |
| 10/29/02 | Room & Tax | 138.88 | Reimbursable |
| 10/29/02 | Miscellaneous Travel | 30.00 | Corporate Credit Card |
| 10/29/02 | Associate Meals | 7.65 | Other |
| 10/30/02 | Air Fare | 43.00 | Corporate Credit Card |